IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
**Richmond Division**

| ANDRE D. WHITFIELD, | ) | |
|---|---|---|
| Petitioner, | ) | |
| v. | ) | Civil No.: 3:13CV50–HEH |
| | ) | Criminal No.: 3:07CR300–HEH |
| UNITED STATES OF AMERICA, | ) | |
| Respondent. | ) | |

## MEMORANDUM OPINION
**(Denying Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241)**

On November 21, 2007, a jury of this Court found Andre D. Whitfield ("Whitfield") guilty of two counts of use of a communication facility to facilitate a drug offense; possession with intent to distribute 50 grams or more of cocaine base; attempt to possess with intent to distribute 50 grams or more of cocaine base; possession of a firearm in furtherance of a drug trafficking crime; and possession of a firearm by a person previously convicted of a misdemeanor crime of domestic violence. The Court sentenced Whitfield to 192 months of imprisonment. (ECF No. 43.[1]) The United States Court of Appeals for the Fourth Circuit affirmed his convictions. *United States v. Whitfield*, 314 F. App'x 554, 555 (4th Cir. 2008).

Whitfield subsequently challenged his conviction by filing a motion under 28 U.S.C. § 2255 on March 12, 2010. (ECF No. 65.) His core claims were that trial counsel failed to investigate documents presented at trial, failed to challenge the illegal search of

---

[1] All references to ECF No.'s are citations to 3:07CR300–HEH, unless otherwise specified.

the vehicle he was driving at the time of his arrest, failed to interview and/or call a material witness, and failed to investigate and challenge the use of Whitfield's prior misdemeanor domestic violence conviction. With leave of court, Whitfield filed two supplemental claims in support of his § 2255 petition, both of which alleged deficiencies in the performance of his trial counsel. Whitfield's § 2255 petition was denied by Memorandum Opinion issued May 11, 2012. (ECF No. 92.)

On February 16, 2012, Whitfield filed a motion pursuant to Rule 60(b)(5) for relief from judgment or order. (ECF No. 85.) This motion was denied without prejudice because Whitfield "fail[ed] to submit a brief, as he must, setting forth a concise statement of facts and supporting reasons, along with a citation of the authorities upon which the movant relies." (Mem. Order, March 2, 2012, ECF No. 88.)

Shortly thereafter, on March 23, 2012, Whitfield filed a second motion for relief, citing Federal Rule of Civil Procedure 60(b). (ECF No. 91.) This motion was denied by Memorandum Order entered September 12, 2012. (ECF No. 99.)[2]

Whitfield is again before the Court on a writ of habeas corpus under 28 U.S.C. § 2241, filed March 21, 2013. (ECF No. 3 from 3:13CV50–HEH.) In his present petition, Whitfield contends that this Court lacks subject matter and in personam jurisdiction over his criminal case. Although a bit opaque, Whitfield, in essence, alleges that he is an

---

[2] In his Motion for Relief from a Judgment under Fed. R. Civ. P. 60(b), Whitfield contends that he "became indebted to the United States in the sum certain of nine million dollars, due to the Judgment that was rendered in Case No. 3:07-cr-00300-001." Whitfield further avers that "the Judgment in [this case] was satisfied by a correspondence transaction" and this entitles him to release from prison. (Mot. Relief 2–4, ECF No. 91.)

2

independent sovereign who is not subject to the jurisdiction of the United States. As such, Whitfield maintains that he is immune from prosecution and that the judgment in his case should be declared void.

Aside from the frivolity of Whitfield's claim, he fails to satisfy the stringent requirements for relief under 28 U.S. C. § 2241. Whitfield acknowledges in his petition that he is barred by the Antiterrorism and Effective Death Penalty Act of 1996 from filing a successive § 2255 motion. His present claim is not predicated upon newly discovered evidence or a new rule of constitutional law. *See United States v. Winestock*, 340 F.3d 200, 205 (4th Cir. 2003). His jurisdictional challenge, presumably, existed from the inception of this case. The issue, however, was not raised in any of his prior filings.[3]

In order to proceed under 28 U.S.C. § 2241, Whitfield must demonstrate that the remedy afforded by § 2255 "is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). "For example, attacks on the execution of a sentence are properly raised in a § 2241 petition." *In re Vial*, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997) (citing *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996); *Hanahan v. Luther*, 693 F.2d 629, 632 n.1 (7th Cir. 1982). Furthermore, the Fourth Circuit has emphasized that "the remedy afforded by § 2255 is not rendered inadequate or ineffective merely because an individual has been unable to obtain relief under the provision, or because an individual is procedurally barred from filing a § 2255 motion." *In re Vial*, 115 F.3d at 1194 n.5 (citations omitted).

---

[3] Issues pertaining to the trial court's jurisdiction are properly within the purview of § 2255. *Cradle v. United States*, 290 F.3d 536, 538–39 (3d Cir. 2002); *Wofford v. Scott*, 177 F.3d 1236, 1245 (11th Cir. 1999).

3

The Fourth Circuit has stressed that an inmate may proceed under § 2241 to challenge his conviction "in only very limited circumstances." *United States v. Poole*, 531 F.3d 263, 269 (4th Cir. 2008) (internal quotation marks and citation omitted). The Fourth Circuit has deemed § 2255 to be inadequate and ineffective to test the legality of a conviction when

> (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

*In re Jones*, 226 F.3d 328, 333–34 (4th Cir. 2000). The test articulated by the Fourth Circuit in *In re Jones* is intended to provide a remedy for the "fundamental defect presented by a situation in which an individual is incarcerated for conduct that is not criminal but, through no fault of his own, has no source of redress." *Id.* at 333 n.3. This inadequate and ineffective exception is known as the "savings clause" to the limitations imposed by § 2255. *Id.* at 333.

Whitfield's jurisdictional claim fails to satisfy the prerequisites for relief under § 2241 announced in *In re Jones*. All of the conduct of which he was convicted remains a crime. He had ample opportunity to challenge this Court's jurisdiction in his prior § 2255 petition.[4] This Court, therefore, lacks jurisdiction to entertain the petition for habeas corpus presently before the Court.

---

[4] Whitfield has not received permission from the Fourth Circuit Court of Appeals to file a second or successive petition for writ of habeas corpus as required by 28 U.S.C. § 2244(b).

4

An appeal may not be taken from the final order in a habeas corpus proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(B). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)). Since Whitfield has not satisfied this prerequisite, a certificate of appealability will be denied.

An appropriate Order will accompany this Memorandum Opinion.

/s/
Henry E. Hudson
United States District Judge

Date: Aug 29 2013
Richmond, VA

5